JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-2386-RGK (Ex)** | Date | April 27, 2010 |
|---|---|---|---|
| Title | ***WINDSTAR INVESTMENT GROUP, LLC v. TERESA MERCADO NEGRETE, et al.,*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On April 1, 2010, Defendant Teresa Mercado Negrete ("Negrete" or "Defendant") representing herself in pro se, removed this action from the Los Angeles Superior Court of California, to the United States District Court, Central District of California, on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendant's notice of removal asserts that Plaintiff's Complaint arises under the Real Estate Settlement Procedures Act ("RESPA"); the Federal Fair Debt Collection Practices Act ("FDCPA"); and the Racketeer Influenced and Corrupt Organization Act ("RICO"). (Notice of Removal ¶ 5.) Upon thorough consideration of Defendant's Notice of Removal, and review of the Complaint filed in state court by Plaintiff Windstar Investment Group, LLC ("Windstar" or "Plaintiff") on March 15, 2010, it does not appear that Plaintiff has raised any federal question.

Plaintiff's Complaint is an action for unlawful detainer post foreclosure, pursuant to a Three Day Notice to Quit. (Notice of Removal, Ex. A, Complaint.) Plaintiff does not raise any claims addressing a federal right or federal statute in the unlawful detainer action. For this reason, Defendant's removal is improper for lack of federal question jurisdiction.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |